**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONGXIANG XU AND MEBO INTERNATIONAL, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHINYA YAMANAKA,**<br><br>Defendant. | Case No.: 13-CV-3240 YGR<br><br>**ORDER GRANTING IN PART MOTION OF DEFENDANT TO SEAL DOCUMENTS RELATING TO MOTION FOR ATTORNEYS' FEES** |

Defendant Shinya Yamanaka ("Defendant") has filed a motion to seal certain documents in connection with his motion for attorneys' fees. (Dkt. No. 31.) Local Rule 79-5 of the Northern District's Civil Local Rules provides the Court may issue a sealing order upon "a request establish[ing] that the document…is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79-5(a). The standard to be applied to a motion to seal depends upon the nature of the proceeding in connection with which the documents are offered. When documents are offered at trial or in connection with dispositive motions, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010), *citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Kamakana,* 447 F.3d at 1179-80. The Rule 26(c) "good cause" standard applies to documents submitted in connection with non-dispositive motions. The Court may seal such documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos,* 565 F.3d at 1116.

United States District Court
Northern District of California

Here, Defendant seeks to seal the Declaration of Derek Smyth, Chief Financial Officer for Defendant's law firm, Weil, Gotshal & Manges, LLP ("the Weil firm") In Support of Defendant's Motion for Attorneys' Fees, including Exhibits A-E thereto. Defendant contends that these documents contain highly sensitive and confidential information regarding the billing rates, services, and business methods of the Weil firm. (*See* Declaration of Christopher J. Cox, ¶¶ 3-4.) Defendant offers evidence to the effect that the explanation of the methods by which the Weil firm determines its billing rates is exceedingly proprietary, and the Weil firm would be at a disadvantage to competitors in the legal market by having that information made public. *Id*. Based upon that showing, Defendant contends that good cause exists to file the document, including the exhibits thereto, under seal to protect important, confidential information.

Defendant further contends that the request is narrowly tailored to seal only the material for which good cause has been established. However, no redacted version of the declaration or attachments has been offered.

Based upon the showing of good cause in the Cox Declaration, the Court finds that the documents attached to the Smyth Declaration are properly sealed. However, Defendant has not established good cause to seal the body of the Smyth Declaration itself. The Smyth Declaration describes the efforts undertaken to evaluate the reasonableness of the Weil firm's billing rates, without revealing the confidential information compiled as a result of those efforts.

Consequently, the Motion to Seal is **GRANTED** as to Exhibits A-E of the Smyth Declaration, and **DENIED** as to the Smyth Declaration itself. The body of the Smyth Declaration will not be considered by the Court unless Defendant files in the public record those portions of the Smyth Declaration as to which sealing is denied within seven (7) days from entry of this order. *See* N.D. Cal. L.R. 79-5(f)(3).

This Order terminates Dkt. No. 31.

**IT IS SO ORDERED**.

Date: August 4, 2014

                                     _____
                                     **YVONNE GONZÁLEZ ROGERS**
                                     **UNITED STATES DISTRICT COURT JUDGE**